IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| KATHARINE CLAFLIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13-5023-CV-SW-ODS ) |
| LARRY MITCHELL SHAW and BARTON COUNTY, MISSOURI, | ) ) ) |
| Defendants. | ) ) |

## ORDER AND OPINION GRANTING MOTION TO STRIKE EXPERT TESTIMONY OF SHERIFF BRAD DELAY

Pending is Plaintiff's Motion to Strike, which seeks to preclude expert testimony Defendant intends to introduce from Sheriff Brad DeLay. The motion (Doc. # 50) is granted.

## I. BACKGROUND

According to the Amended Complaint, Plaintiff worked as a dispatcher for the Barton County Sheriff's Office. In January 2009, Larry Shaw became the Sheriff of Barton County. Plaintiff alleges that in the 2012 election she supported Sheriff Shaw's opponent, Jeremy Brand. She also alleges that she was interviewed by an investigator from the Missouri Highway Patrol regarding an investigation into missing and unserved warrants. Plaintiff has sued Sheriff Shaw and Barton County, alleging these events led to her termination in violation of both her First Amendment rights and state law.

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, Defendants have notified Plaintiff they intend to offer expert testimony from Sheriff Brad DeLay, the Lawrence County Sheriff. Defendants have also provided the report required by Rule 26(a)(2). Relying on the report, Plaintiff contends Sheriff DeLay's expert testimony should be disallowed because it does not satisfy the requirements of Rules 702 and 703 of the Federal Rules of Evidence.

II.  DISCUSSION

A.  Is the Motion Premature?

Before delving into the particulars of Sheriff DeLay's report, the Court first addresses Defendants' argument that Plaintiff's motion is premature and should be refiled after Sheriff DeLay is deposed.  The Court rejects this proposition.

When provisions requiring expert reports were added in 1993, the accompanying Advisory Committee Notes explain the intent was to shorten, if not eliminate the need for, expert depositions.  Subsequent practice has proved that attorneys still routinely depose experts, but the importance of the expert's report remains: it must set forth, among other things, all of the expert's opinions and the facts or data relied upon in reaching those opinions. Fed. R. Civ. P. 26(b)(2)(B).  True, the Court's Scheduling and Trial Order (Doc. # 10) states, in paragraph 6, that all experts' testimony "will be limited to opinions and information contained in the report and in any depositions that might be taken," but the Scheduling and Trial Order does not *require* that there be any expert depositions – and in the absence of a deposition, the expert's testimony is limited to the opinions in the Report.[1]

The Court also notes that a deposition will not affect the legal analysis.  As discussed more fully in the next section, Sheriff DeLay's opinions are not admissible and allowing him to expound upon them in a deposition will not change this conclusion.

---

[1]The Court intended this provision to allow an expert to testify about opinions and explanations that were more expansive than those contained in the report *if* they were divulged during a deposition.  The Court's rationale is that (1) the deposition testimony provides fair notice to the opposing side and (2) this provision avoids unnecessary hair-splitting about the differences between deposition testimony and expert reports.  The Court does not intend to permit depositions to substitute for the report required by Rule 26, and proponents of the expert's testimony cannot rely on the opposing party's deposition as a means for curing deficiencies in the report.

## B. Are Sheriff DeLay's Opinions Admissible?

Rule 702 provides that an expert may testify in the form of an opinion if the expert's knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue," provided "the testimony is based on sufficient facts or data." The Court concludes Sheriff DeLay's opinions are not based on sufficient facts or data and will not assist the jury.

It must be remembered that Sheriff DeLay is testifying as an expert: while he has reviewed depositions and exhibits related to this suit he has no first-hand information about anything connected to it. Sheriff DeLay is prepared to testify that Plaintiff "was not terminated unjustly and was terminated for cause." He bases this opinion on a review of various statutes, various policies promulgated by the Barton County Sheriff's Office, and his review of the facts. He concludes Plaintiff was properly fired because:

- Various witnesses described Plaintiff as discourteous to citizens who called the Sheriff's Office.
- Sheriff Shaw testified Plaintiff was unduly critical of others (including Sheriff Shaw) and Sheriff Shaw "believed [Plaintiff] to be spreading gossip regarding his office."
- Sheriff Shaw testified Plaintiff was insubordinate.

In his report's concluding section, Sheriff DeLay opines as follows:

> Sheriff Shaw had every reason to terminate [Plaintiff]. She had not followed his directives and policies. . . . Her disregard for policies and directives resulted in the division of Sheriff Shaw's office, created a hostile work environment for fellow employees and lowered the morale of his office.

Sheriff DeLay continues by opining that he "saw no evidence in the depositions I reviewed that would substantiate" Plaintiff's claim that she was terminated in retaliation for protected conduct and as far as he could determine "Sheriff Shaw had no prior knowledge of [Plaintiff's] contact with" the Highway Patrol.

Sheriff DeLay's opinions are really just his own factual findings. He has reviewed the depositions, exhibits, and other evidence and has made determinations of historical

3

facts, including the content, nature and effect of Plaintiff's prior actions and Sheriff Shaw's knowledge.  However, a jury would be fully capable of performing this function, and Sheriff DeLay's testimony would not aid the jury in its fact-finding mission.  He has purported to apply legal principles to his factual findings, but it is the Court's province to instruct the jury as to the law.  Finally, Sheriff DeLay offers that, based on what he believes occurred, he would have fired Plaintiff too – but this opinion also is of no help to the jury.  Sheriff Shaw will undoubtedly testify as to why he fired Plaintiff, and Sheriff DeLay's opinions will not help the jury understand or evaluate that testimony.

The Court views Sheriff DeLay's testimony as Defendant's effort to "launder" the facts through an "expert" in order to provide undeserved substantiation for Defendants' views.  Expert testimony is not designed to provide an "imprimatur of officialness" or endorsement to ordinary facts; it is designed to help a jury understand facts of a technical, scientific or specialized nature.  This testimony will not assist the jury and does not satisfy Rule 702

### III.  CONCLUSION

For these reasons, the Motion to Strike is granted.  Sheriff DeLay will not be permitted to offer the opinions set forth in his report at trial.

IT IS SO ORDERED.

DATE: December 13, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT